Opinion or the Court. — This case was decided a^ the last term of this court, on the general principle, that the oldest legal title is necessary to support an eject-, ment;† and in the case Quarles vs. Brown (a), the *37 principle was recognized and embraced, and in the present case no reason can be discovered to justify a departure from it.-.Judgment affirmed.

(a) Fall term Pi^. Dec» in-'

 The following cafe, relative to the title which the plaintiff in ejectment muft iupport on the trial, is deemed worthy of a place here, chough out 0/ the tíme embraced by this volume.
PELL and GIST’S heirs vs. DRAKE.
DRAKE brought his eje&ment in the Maion quarter teflion court againft Bell and Gift’s heirs. On the trial the plaintiff, ¡11 making out his title, produced a deed from James fiuchannon and Phcebe his wile, dated the firft day of May 1792., which was admitted to record on the 24th day 01 July 1792.
it was admitted that the defendants were in the actual poflefiiofi of the land in eontroverfy 5 and it was proved that they were put in poli'efiion by the grantor in faid deed, In purfuance of an article of agreement, executed by the laid grantor of the one part, and the laid David Cell and Nathaniel Gift ofthe other part $ which article was produced in court and duly proved by one of *37 the fubfcribing witnefles thereto. The article of agreement bore date the tzi day of Auguft 1794» and was under feal, by which Bucbannon fold the land in queftion, with other trafts, to Bell and Gift, and they covenanted to pay aftipulated price for it.
<{ The defendants chen offered to go into evidence to prove the faid deed fraudulent. The counfel on the part of the plaintiff objected to the defendants* going into fuch evidence 3 and prayed the court not to 1'ufJVrthe defendants to bring forward eyidence to that effect 3 whereupon the court gave it as their opinion that the defendants could not go into evidence to prove the faid deed fraudulent in this fuic at common law, but mull have their redrefs in chancery, as the deed was or public record two year* prior to the time the parties entered into the laid article.”
To this opinion the defendants filed a bill of exceptions, ftating chefe fa£ts ; and making laid deed and article of agreement part or che bill of exceptions,
A verdidt and judgment \yas obtained by the plaintiff, from which the defendants appealed
The Opinion of the Court was as follows: — There is error in the record in this, viz. That the court ot quarter fefiions aloreiatd refilled to receive teftimony to prove the deed in the record mentioned frau4«dent,
Judgment re ver fed 3 and the cauie remanded^ with directions to the Inferior pourt i( to receive teftimony as to the fraud aiorefeid.”